WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich,<br><br>              Petitioner,<br><br>v.<br><br>Michael Cimino, et al.,<br><br>              Respondents. | No. CV-20-01649-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Devin Andrich's ("Petitioner") Amended Petition for Writ of Habeas Corpus (Doc. 11). Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition. (Doc. 20.) Petitioner filed objections to the R&R. (Doc. 21.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the reasons below, the Court adopts the R&R and denies the petition.

**BACKGROUND**

The pertinent facts are recounted in the R&R. (Doc. 20.) In 2015, Petitioner pleaded guilty to one count of fraudulent schemes and artifices, one count of theft, and one count of forgery in Arizona state court. The state court accepted Petitioner's guilty plea and sentenced him according to the terms of his plea agreement, which ordered Petitioner to pay a stipulated restitution amount. On September 9, 2015, the state court vacated a

restitution hearing at the request of counsel. On October 20, 2015, the prosecutor moved *nunc pro tunc* to reduce the restitution amount owed to a victim by $1,650.00. The state court approved the reduction on November 24, 2015.

In August 2020, Petitioner filed a petition for writ of habeas corpus challenging the state court's vacation of the restitution hearing. The Magistrate Judge issued an R&R denying Petitioner relief because the district court did not have jurisdiction over his claims. Petitioner objected to the Magistrate Judge's findings and asserted various other claims for relief, which the Court now reviews de novo.

## DISCUSSION

Petitioner objects on the grounds that (1) he should be given leave to amend the petition; (2) the State is preventing Petitioner from access to his criminal case file; (3) the federal court has jurisdiction because Petitioner is not challenging a restitution order; (4) Petitioner's claims are not procedurally defaulted; and (5) a Certificate of Appealability should be issued. (Doc. 21 at 1–2.) The Court will consider Petitioner's jurisdictional argument first.

**A. Jurisdiction**

    **1. Ground I**

According to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner asserts that he was deprived of effective representation in violation of the Constitution because his trial counsel consented to "vacating a post-sentencing restitution hearing without Petitioner's knowledge or consent." (Doc. 11 at 7.) Section 2254(a), however, "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (citing *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000)). No such nexus exists here. Even if counsel was ineffective by consenting to vacating the restitution hearing, Petitioner had already pleaded guilty, been sentenced, and been

provided his terms of probation. (Doc. 15-1 at 31–37.) Had trial counsel refused to vacate the restitution hearing, Petitioner would still be in custody in much the same—if not exactly the same—way.[1] The Court acknowledges that Petitioner is not challenging the restitution order like the defendant was in *Bailey*. However, Petitioner must still show that the claimed constitutional violation had a nexus to his custody. That showing has not been made here, and the Court does not have jurisdiction over this portion of his habeas petition.

### 2. Ground 2

Petitioner next claims that his First, Eighth, and Fourteenth Amendment rights were violated by the state court's vacation of the restitution hearing without Petitioner's consent. Again, however, even if such violations did occur, this Court has no jurisdiction to remedy them. There is no nexus between the alleged constitutional violation—vacating the restitution hearing—and Petitioner's custody. Petitioner has not shown that the state court holding the restitution hearing would have had any effect on his custody. Therefore, the Court does not have jurisdiction over Petitioner's habeas petition.

## B. Petitioner's Other Objections

### 1. Leave to Amend

Having decided that the Court lacks jurisdiction over the habeas petition, the Court must now consider whether to grant Petitioner's request for leave to amend. Although it is not exactly clear *how* Petitioner would amend his petition to avoid the jurisdictional issue, (Doc. 21 at 4–6), he appears to attack the validity of his plea, (Doc. 18 at 7).

28 U.S.C. § 2242 states that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, . . . allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 664, 655 (2005) (quoting Fed. R. Civ. P. 15(a)). In assessing the propriety of a motion for leave to amend, the Court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of

---

[1] Petitioner does not ask the Court to modify his sentence or terms of probation. (Doc. 11 at 11.)

amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Futility alone can justify the denial of a motion for leave to amend." *Id.*

Petitioner's proposed amendment is procedurally defaulted. It was not presented to the Arizona courts as required by § 2254. *State v. Andrich*, No. 1 CA-CR 18-0600 PRPC, 2019 WL 150497, at *3 (Ariz. Ct. App. Jan. 10, 2019) ("Andrich does not contest that he had the mental capacity to knowingly, intelligently and voluntarily enter the plea . . . ."). Because Petitioner did not exhaust state-court remedies on this issue, the district court can offer him no relief. 28 U.S.C. § 2254(b)(1). For that reason, Petitioner's proposed amendment is futile.

To the extent Petitioner seeks to plead facts to support this Court's jurisdiction on Grounds 1 and 2, the amendment is also futile. Without challenging the validity of the plea, which stipulated to the restitution amounts, Petitioner will be unable to show a nexus between the lack of a restitution hearing and his custody. As noted above, the restitution hearing was to take place after Petitioner pleaded guilty and had been sentenced; it would have had little, if any, effect on Petitioner's custody. Because any amendment is futile, Petitioner's request to amend is denied.

### 2. Denial of Access to the Courts

Petitioner next argues that he is being denied access to the courts. (Doc. 21 at 4–5.) To show a denial of access to the courts, the petitioner must demonstrate "that a nonfrivolous legal claim ha[s] been frustrated or [is] being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (footnotes omitted). Moreover, the petitioner must show "actual injury." *Id.* at 349–50.

Here, Petitioner can show neither. First, although Petitioner repeatedly argues that a third party or the State possess his laptop and criminal case file, the Court and the Magistrate Judge continue to review the merits of that claim in a difference case. *See* Third Amended Complaint, *Andrich v. Adel*, No. 2:20-cv-01237-GMS-MTM (D. Ariz. Apr. 22, 21), ECF No. 80. Petitioner cannot show a lack of access to the courts by merely pointing

out that another case is pending; the very fact that the issue is being litigated shows that Petitioner *does* have at least some access to the courts. That Petitioner disagrees with the Court's conclusions does not establish a First Amendment violation. Second, to the extent that Petitioner alleges he does not have access to the courts in *this* case because of his lack of access to his criminal case file, he has not shown a nonfrivolous legal claim has been impeded. Petitioner's claims are frivolous because, as noted above, this Court lacks jurisdiction over them. Further, the Government provided Petitioner with a portion of his criminal case record upon its service of Doc. 15, and Petitioner attached similar documents to his Amended Petition, (Doc. 11). Yet, he has still not identified any ground that is both meritorious and over which the Court has jurisdiction to order relief. Petitioner has not been denied access to the courts, and his request for a stay is denied. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality" and "should be available only in limited circumstances.")

### 3. Certificate of Appealability

Petitioner finally argues that the Magistrate Judge erred by not issuing him a certificate of appealability ("COA"). Under the Antiterrorism and Effective Death Penalty Act, a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make this showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Here, no reasonable jurists could find that this Court has jurisdiction. On habeas review of state-court convictions, federal courts may review constitutional claims only if there is a nexus between the claimed violation and the petitioner's custody. A post-conviction, post-sentencing restitution hearing would have had little or no bearing on Petitioner's custody, which had already been imposed. Petitioner's request for a COA is denied.

## CONCLUSION

Because the Court lacks jurisdiction over Petitioner's claimed constitutional violations, his petition for writ of habeas corpus is denied. Moreover, Petitioner's claims are meritless, amendment would be futile, and he has not shown a denial of access to the courts. His requests to amend or for a stay of the proceedings is, accordingly, denied. Because no reasonable jurists could disagree with the Court's decision, his request for a COA is also denied.

**IT IS THEREFORE ORDERED** that Petitioner's Objection to the Report and Recommendation (Doc. 21) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Michael T. Morrissey (Doc. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 11) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 30th day of December, 2021.

_____
G. Murray Snow
Chief United States District Judge