**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devin Andrich, | No. CV-20-01649-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Michael Cimino, et al., | |
| Respondents. | |

Pending before the Court is Devin Andrich's ("Petitioner") Motion for Reconsideration (Doc. 25) of this Court's order adopting the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 20) and denying his petition for habeas corpus (Doc. 23). For the reasons below, Petitioner's motion is denied.

## BACKGROUND

The pertinent facts are recounted in the R&R. (Doc. 20.) In 2015, Petitioner pleaded guilty to one count of fraudulent schemes and artifices, one count of theft, and one count of forgery in Arizona state court. The state court accepted Petitioner's guilty plea and sentenced him according to the terms of his plea agreement, which ordered Petitioner to pay a stipulated restitution amount. On September 9, 2015, the state court vacated a restitution hearing at the request of counsel. On October 20, 2015, the prosecutor moved *nunc pro tunc* to reduce the restitution amount owed to a victim by $1,650.00. The state court approved the reduction on November 24, 2015.

In August 2020, Petitioner filed a petition for writ of habeas corpus challenging the state court's vacation of the restitution hearing. The Magistrate Judge issued an R&R denying Petitioner relief because the district court did not have jurisdiction over his claims. Petitioner objected to the Magistrate Judge's findings and asserted various other claims for relief, which the Court reviewed de novo and denied. Petitioner then filed the instant Motion for Reconsideration. While Petitioner's Motion was pending with the Court, Petitioner filed a Notice of Appeal to the Ninth Circuit of the Court's order. (Doc. 26.)

## DISCUSSION

As a preliminary matter, Petitioner's filing of a Notice of Appeal does not divest this Court of jurisdiction to consider Petitioner's Motion for Reconsideration. Fed. R. App. P. 4(a)(4)(A)(iv), (vi), (B)(i); *see Jones v. Gomez*, 999 F.2d 543 (9th Cir. 1993) (unpublished table decision).[1] Instead, "[d]istrict courts in this circuit should process notice of appeals from final orders in sections 2254 and 2255 proceedings . . . [by] indicat[ing] which specific issue or issues satisfy the standard for issuing a certificate [of appealability], or stat[ing] its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Because Petitioner requests a certificate of appealability in his motion, the Court will consider it in that portion of its analysis.

**I. The Court Lacks Jurisdiction over Petitioner's Claims**

Petitioner first contends that the Court erred by finding it lacked jurisdiction over the claims raised in his habeas petition. (Doc. 25 at 10.) "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

---

[1] The Court notes that some cases addressing this issue use Rule 59(e)'s ten-day deadline that was extended to twenty-eight days when the rule was amended in 2009.

- 2 -

intervening change in controlling law"); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly discovered fact or law, newly occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court ha[s] already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

The Court originally denied the petition because the constitutional claims raised lacked a nexus to Petitioner's custody. (Doc. 23 at 2–3.) Petitioner now argues that because he was unlawfully denied a restitution hearing, he owes more in restitution than he should, which has prolonged his term of supervised release. (Doc. 25 at 13–14.) However, again, Petitioner cannot show a nexus between the alleged constitutional violation—the denial of the hearing—and his custody. Although Petitioner asserts that a restitution hearing would reveal that his restitution obligations have been satisfied, this does not show that the *original* denial of the hearing has any bearing on the currently lengthened custody. Mere speculation that the restitution hearing would have reduced the award, which would have permitted Petitioner to pay on time, is far too attenuated to establish a nexus—especially when Petitioner had stipulated to the restitution amount in his plea agreement. The Court lacks jurisdiction over Petitioner's claimed constitutional violations.

**II. The Court Does Not Grant Leave to Amend**

Petitioner next argues that the Court erred by denying him leave to amend. (Doc. 25 at 15.) Again, Petitioner does not clarify what any amendment would entail. He states,

> Seven years after the State prosecutor lied to the state trial court, and the state trial court vacated Petitioner's post-sentencing restitution hearing without Petitioner's knowledge or consent, the State prosecutor still withholds the [State Bar Association Client Protection Fund] figures from the state trial court (and even this Court). With the knowledge of the issues that this Court raised in its December 31, 2021 Order (Dkt. #23), the plausible solution is for Petitioner to amend his petition consistent with the Court's parameters.

(Doc. 25 at 16.) But Petitioner contends that he has preserved "numerous First, Sixth, Eighth and Fourteenth Amendment violations that the state trial court, State prosecutor and Petitioner's former trial counsel committed against Petitioner" without stating which of these purported violations that he would add to his amended petition. (Doc. 25 at 17.) Moreover, the preserved claims that Petitioner references yet again attack the restitution amount ordered by the trial court. (Doc. 25 at 17 (citing Doc. 15-1 at 104, 107, 110).) Petitioner agreed to the restitution amount in his plea agreement. (Doc. 15-1 at 7, 9–10); (Doc. 15-1 at 23.) To be successful on federal habeas review, Petitioner would have to challenge the validity of the plea, which he has not exhausted, to challenge the restitution amount.[2] (Doc. 15-1 at 88–113, 116.) The crux of Petitioner's habeas petition is either (1) that Petitioner is entitled to a restitution hearing; or (2) that the restitution amounts in his plea agreement are factually unjustifiable. Neither is cognizable on habeas review because the Court lacks jurisdiction, and Petitioner has failed to properly exhaust his claims.

### III. Petitioner's Notice of Appeal

Petitioner finally argues that the Court erred by not issuing a certificate of appealability ("COA"). Under the Antiterrorism and Effective Death Penalty Act, a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the underlying constitutional violations—ineffective assistance of counsel for

---

[2] As the Arizona Court of Appeals noted, the Superior Court granted Petitioner some of the relief requested by reducing the restitution amounts by almost $70,000. (Doc. 15-1 at 82, 116 n.1.)

- 4 -

vacating the restitution hearing and "First, Eighth and Fourteenth Amendment" violations because the trial court vacated the restitution hearing—have no nexus to Petitioner's custody, *see supra* Part I, no reasonable jurists could find that the Court has jurisdiction. (Doc. 11 at 8.)  The COA is denied.

## CONCLUSION

Because Petitioner has provided no reason for the Court to disturb its prior order, it declines to do so.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. 25) is **DENIED**.

Dated this 3rd day of February, 2022.

_____
G. Murray Snow
Chief United States District Judge